UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00589-FDW-DCK

| | |
|---|---|
| COMMERCIAL CREDIT GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANCHOR ENVIRONMENTAL AAA )<br>SERVICES a/k/a ANCHOR )<br>ENVIRONMENTAL AAA SERVICES, )<br>INC., JIMMY SKOVGARD, and )<br>BEVERLY SUE SKOVGARD, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on the motion filed on December 5, 2016 by Commercial Credit Group Inc. (hereinafter, "CCG) seeking to compel litigation of the Defendants' pending counterclaims against CCG or, alternatively, dismissal thereof with prejudice (Doc. No. 54). None of the Defendants responded to the motion, and the time for doing so has expired. In addition to service of the instant motion, on December 22, 2016, counsel for CCG also sent an email addressed to the Court and defense counsel submitting a proposed order to chambers. Defense counsel never responded to that email or otherwise indicated to the Court that Defendants objected to or intended to respond to CCG's motion.

Defendant Anchor Environmental AAA Services a/k/a Anchor Environmental AAA Services, Inc. (hereinafter, "Anchor") filed Chapter 7 on November 2, 2016, and Randy Royal was appointed as Anchor's Chapter 7 trustee (hereinafter, the "Trustee"). Plaintiff CCG has represented to the Court that the Trustee, as well as Anchor's pre-Chapter 7 counsel of record, were each properly served with CCG's motion, but neither have filed responses thereto. As to the

impact of Anchor's bankruptcy filing, the Court finds that while Anchor's pending bankruptcy might have a preclusive effect on CCG's pending claims *against Anchor*, the Court sees no reason to stay Anchor's claims *against CCG*. In fact, Anchor has provided no authority to this Court to support a stay on its claims *against others*. Instead, Anchor has simply remained silent and nonresponsive to CCG's motions and correspondence concerning Anchor's prosecution of its counterclaims. In its motion, CCG argues that Anchor has engaged in tactics resulting in delay of prosecution of its counterclaims and seeks the Court to provide Anchor with the alternative of either litigating its counterclaims forthwith or have them dismissed. The Court declines to present Anchor with alternative options because, in essence, Plaintiff CCG's instant motion accomplished that same notice, yet Anchor has willfully declined to not respond to indicate its choice of litigation or dismissal.

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the [party with the burden of proof] fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ." Moreover, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Erline Co., 440 F.3d at 654.

In light of Defendants' failure to respond to CCG's motion or otherwise indicate any intention to further prosecute Anchor's counterclaims, Anchor's counterclaims are DISMISSED

2

for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Such dismissal is WITHOUT PREJUDICE should Anchor choose to refile its counterclaims or otherwise litigate them in any pending or future bankruptcy case.

IT IS THEREFORE ORDERED that Plaintiff CCG's Motion to Dismiss or, alternatively, To Compel Prosecution (Doc. No. 54) is GRANTED IN PART AND DENIED IN PART as explained herein. Defendant Anchor's counterclaims are hereby DISMISSED WITHOUT PREJUDICE to be timely refiled or reasserted in accordance with applicable governing law.

IT IS SO ORDERED.

Signed: December 28, 2016

Frank D. Whitney
Chief United States District Judge